# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CR-19-248-12-D |
| NERI ESTUARDO SANCHEZ-MIJANGOS, | ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant Neri Estuardo Sanchez-Mijangos' Motion for Severance [Doc. No. 370], filed pursuant to Fed. R. Civ. P. 14. Defendant seeks relief from an allegedly prejudicial joinder of defendants in the Superseding Indictment; he contends his joint trial with all codefendants will compromise his rights to a fair trial and an impartial jury under the circumstances. Within the time period set by the Scheduling Order, the government has filed its Response [Doc. No. 430] in opposition to the Motion.

Count 1 of the Superseding Indictment [Doc. No. 207] charges 28 defendants with conspiracy to distribute and possess with intent to distribute heroin and methamphetamine in violation of 21 U.S.C. § 846. Defendant and one codefendant, Daniel Gonzalez-Herrera, are charged with additional offenses: Counts 48, 50 and 51, using telephones to facilitate the distribution of heroin and methamphetamine in violation of 21 U.S.C. § 843(b); and Count 52, distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Defendant is also charged in Count 59 with maintaining a place for the distribution of methamphetamine in violation of 21 U.S.C. § 856(a)(1).

Rule 8(b) authorizes the joinder of defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *See* Fed. R. Crim. P. 8(b). Here, Count 1 of the Superseding Indictment charges all defendants with participating in a single drug trafficking conspiracy. "When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *see United States v. Clark*, 717 F.3d 790, 818 (10th Cir. 2013); *United States v. Jones*, 530 F.3d 1292, 1302 (10th Cir. 2008). Further, in this case, Defendant "must overcome the presumption that in a conspiracy trial it is preferred that persons charged together be tried together." *United States v. Stiger*, 413 F.3d 1185, 1197 (10th Cir. 2005) (internal quotation omitted); *see Jones*, 530 F.3d at 1302. "Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" *Zafiro*, 506 U.S. at 540 (quoting *Bruton v. United States*, 391 U.S. 123, 132 n. 6 (1968)); *see Jones*, 530 F.3d at 1302.

Defendant identifies the following potential risks of prejudice: 1) unavailability of codefendants as witnesses to testify in his defense in a joint trial; 2) mutually antagonistic defenses among defendants; 3) markedly different degrees of culpability. Defendant acknowledges that the government's evidence will tend to show he was present during certain drug transactions, but his position "has always been that [Defendant] was unaware

of narcotic activity at his place of business, [and] unaware that narcotics were distributed in his presence, and did not store narcotics at his residence." *See* Def.'s Mot. at 9-10. Defendant asserts that while he does not plan on "'pointing-the-finger' at any specific co-Defendant, . . . acceptance of [his] defense will likely preclude the acquittal of other co-Defendants." *Id*. at 10. Defendant also complains of a "spillover" effect that will deprive him of an impartial jury, and of unfairness if he is tried with codefendants who allegedly used and manipulated him and have far greater culpability. *Id*. at 11, 12.

Upon consideration, the Court finds that Defendant's arguments for severance lack sufficient specificity to justify a finding that he will be unfairly prejudiced by a joint trial with his codefendants in this case. "As a general rule, neither 'a mere allegation that defendant would have a better chance of acquittal in a separate trial' nor an argument that evidence against one defendant would have a 'spillover effect' on another defendant demonstrates prejudice." *See Jones*, 530 F.3d at 1303 (quoting *United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005)); *see also Clark*, 717 F.3d at 818. "Prejudice for Rule 14(a) purposes means actual prejudice." *Clark*, 717 F.3d at 818 (internal quotation omitted). Defendant "bear[s] a heavy burden of showing real prejudice to his case." *See United States v. Morgan*, 748 F.3d 1024, 1043 (10th Cir. 2014) (internal quotation omitted); *accord Clark*, 717 F.3d at 820.

Defendant does not identify any codefendant who would be a witness for his defense in a separate trial, and he provides no facts that would allow the Court to evaluate his request to obtain a severance based on a codefendant's exculpatory testimony. *See Clark*, 717 F.3d 790 at 818 (discussing the "*McConnell* factors"); *see also United States v.*

3

*Espinosa*, 771 F.2d 1382, 1408 (10th Cir. 1985). Nor does Defendant identify any actual antagonistic defenses that warrant a severance. Such defenses must be "so antagonistic that they are mutually exclusive," that is, "the conflict between the defendants' defenses must be such that the jury, in order to believe the core of one defense, must *necessarily* disbelieve the core of the other." *Jones*, 530 F.3d at 1304 (internal quotations omitted) (emphasis in *Jones*). The Court is confident that the jury will be able, under appropriate instructions, to evaluate the government's evidence against each defendant separately as to each charge of the Superseding Indictment. Also, there may be other measures that can be utilized at trial to minimize any undue prejudice from a joint trial with other codefendants. Such measures will be considered upon a timely pretrial motion or oral request at the pretrial conference.[1]

In short, the Court finds that Defendant has failed to allege a sufficient reason why a severance of his trial is required or should be granted at this point.

IT IS THEREFORE ORDERED that Defendant's Motion for Severance [Doc. No. 370] is DENIED.

IT IS SO ORDERED this 8th day of April, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Some codefendants have already reached plea agreements with the government, and others may do so before the September 2020 trial date. The government states it anticipates that one or more codefendants may testify for the prosecution and it may request appropriate accommodations of the particular circumstances before trial. The Court urges a timely request.